STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2004 FEB 13 A 10: 39 SKS-KEN-2/13/2004

CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-02-67

STATE OF MAINE

v.

RANDALL HASKELL,

Defendant

**DECISION ON MOTION**

MAR 17 2004

This matter comes before the court on the defendant's Motion to Modify Conditions of Probation. Mr. Haskell was convicted of sexual abuse of a minor, class C, on May 31, 2001. As part of his sentence, Mr. Haskell was placed on probation with a special condition, among others, that he "undergo psychological . . . sex offender counseling/treatment as directed by the probation officer, consent to the release of any counseling information to your probation officer, the District Attorney and the Court." According to the defendant, he has undergone the sex offender counseling/treatment with counselor Scott Efland of Lewiston, but has moved the court to modify or eliminate this condition due to a new requirement Mr. Efland is imposing. This requirement is that the defendant undergo a polygraph examination.

In light of the court's initial skepticism concerning this polygraph requirement for sex offender treatment, a hearing was scheduled at which Mr. Efland appeared and testified. According to Mr. Efland, the defendant's original contract did not include the polygraph requirement because such testing was not authorized at the time of the sentencing. However, since a recent amendment to statute which they believe authorizes such testing, Efland and several other sex offender counselors in Maine have begun requiring the exam. Apparently the polygraph is a tool in wide use by sex offender counselors in 36 states and has proved to be very valuable in such treatment.

Despite Mr. Efland's testimony, the court remained concerned about the use of the polygraph in light of the fact that such testing is not allowed in evidence and is strongly criticrized elsewhere. Therefore, the court took the matter under advisement to do further research as to whether such testing has in fact been authorized by the legislature in light of the less than definitive wording of the statutory amendment.

The statute in question is 32 M.R.S.A. § 7154, which concerns licensure of polygraph examiners, not probation conditions. The statutory provision, as amended (amended material is underlined) reads as follows:

> It is unlawful for a polygraph examiner conducting a polygraph examination to ask any questions pertaining to sexual behavior of any type or questions that could be construed as being sexually oriented, unless the examination is conducted in the course of either a criminal investigation by law enforcement officials or in the course of civil litigation in which sexual behavior is at issue or is conducted for the purpose of ensuring compliance with court-ordered sex offender treatment. . . . If the polygraph examination is conducted for the purpose of ensuring compliance with court-ordered sex offender treatment, the results of the examination are not admissible into evidence in a court proceeding.

This amendment, enacted as Public Laws of 2001, ch. 383, § 7, began as L.D. 1758, which was reported ought to pass by the Joint Standing Committee on Criminal Justice. As part of the Committee's consideration, there was written testimony presented by several sex offender treatment providers, academics and others, including the chair of the Criminal Justice Commission. That testimony makes it clear that although the amendment itself does not in so many words authorize the use of the polygraph as part of a condition of probation, it was certainly the understanding and intent of those who supported the legislation that the test would be so used. It is also clear from the documents that the issue had attracted the attention and support of a broad range of individuals throughout the community. Finally, the L.D. did receive a comment on the house floor by Rep. Quint of Portland, in which he said, in passing, "it also,

incidentally, allows for the use of a polygraph test to complement sex offender treatment." Legislative Record – House, May 30, 2001, H-1140.

Based on the research set forth above, and despite the court's early misgivings, it is clear that the polygraph tests now being required by Mr. Efland have been authorized with approval by our legislature and are a legitimate condition of such treatment even if the results of such test cannot be used in evidence.

Haskell also protests that the counseling program he signed up for originally as part of his probation did not require such tests, that the tests are an additional expense which he must bear and that it would be unfair to require him to take the test under these circumstances. While the court understands the argument, it is not persuaded. Conditions of probation are routinely changed as necessary during the probation and the costs of testing, just like the costs of the counseling itself, is one of the prices that is paid for the privilege of probation.

For the reasons noted above, the entry will be:

Motion DENIED.

Dated: February 11, 2004

_____
S. Kirk Studstrup
Justice, Superior Court

STATE OF MAINE

  vs

RANDALL HASKELL
478 POND ROAD
MANCHESTER ME 04351

DOB: 11/12/1958
Attorney: SUMNER LIPMAN
          LIPMAN & KATZ PA
          227 WATER STREET
          PO BOX 1051
          AUGUSTA ME 04332-1051
          RETAINED 09/07/2000

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2000-00267

**DOCKET RECORD**

State's Attorney: DAVID CROOK

Filing Document: INDICTMENT
Filing Date: 08/25/2000

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   **SEXUAL ABUSE OF MINOR**                    **07/09/1999 MANCHESTER**
    17-A   254(1)(A)              **Class C**

## Docket Events:

08/25/2000 FILING DOCUMENT -  INDICTMENT FILED ON 08/25/2000

08/25/2000 WARRANT -  ON COMP/INDICTMENT ISSUED ON 08/25/2000

           CERTIFIED COPY TO WARRANT REPOSITORY
                                                         BAIL SET AT $25,000.00 SURETY
           OR $5,000.00 CASH WITH CONDITION      DEFENDANT IS TO HAVE NO CONTACT WITH ANY
           CHILD UNDER THE AGE OF 16 YEARS
08/29/2000 BAIL BOND -  CASH BAIL BOND SET BY COURT        ON 08/25/2000
           BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT
           BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT
           ELLEN A GORMAN , JUSTICE
           OR $25,000.00 SURETY WITH CONDITIONS: NO CONTACT WITH ANY CHILD UNDER THE AGE OF 16 YEARS.
08/30/2000 Charge(s):  1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 09/08/2000 @ 8:30

           NOTICE TO PARTIES/COUNSEL
08/30/2000 BAIL BOND - $5,000.00 CASH BAIL BOND FILED ON 08/30/2000

           Bail Receipt Type: CR
           Bail Amt:  $5,000
                                    Receipt Type: CK
           Date Bailed: 08/29/2000    Prvdr Name: ERNEST  HASKELL
                                      Rtrn Name: ERNEST  HASKELL
           BAIL WAS REDUCED TO $1,000.00 ON 9/8/00.        NEW BOND EXECUTED BUT $1,000.00 WAS NOT
           RUNG THROUGH.

           ### Conditions of Bail:
           Have no contact with minors under age 16.
           BAIL DISBURSEMENT ON 09/12/2000

Other:DEFT. IS TO CONTACT THE SUPERIOR COURT FOR A COURT DATE.

Check No. 5063   Check Amount:  4,000.00
Paid To: ERNEST  HASKELL
FORWARDED TO BAIL PROVIDER

BAIL DISBURSEMENT ON 05/31/2001
Check No. 5144   Check Amount:  1,000.00
Paid To: ERNEST  HASKELL
FORWARDED TO BAIL PROVIDER

09/05/2000 WARRANT -  ON COMP/INDICTMENT EXECUTED ON 08/29/2000

ARRESTED BY MSP.
09/05/2000 WARRANT -  ON COMP/INDICTMENT RETURNED ON 09/05/2000

09/07/2000 ATTORNEY -  RETAINED ENTERED ON 09/07/2000

Attorney:  SUMNER LIPMAN
09/12/2000 Charge(s):  1
HEARING -  ARRAIGNMENT HELD ON 09/08/2000
S KIRK STUDSTRUP , JUSTICE
Attorney:  SUMNER LIPMAN
DA:  EVERT FOWLE
Defendant Present in Court

READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT.  21 DAYS TO FILE MOTIONS                       ELECTRONIC RECORDING TAPE 543
INDEX 3233 TO END AND TAPE 544 INDEX 5-253
09/12/2000 Charge(s):  1
PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 09/08/2000

09/12/2000 BAIL BOND -  CASH BAIL BOND SET BY COURT        ON 09/08/2000
BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT
BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT

BAIL REDUCED BY COURT TO $1,000.00 OR 10,000.00 SURETY WITH CONDITIONS.
09/12/2000 BAIL BOND -  CONDITIONS OF RELEASE ISSUED ON 09/08/2000

NO CONTACT WITH ALLEGED VICTIM OR FAMILY AND NO CONTACT WITH ANY CHILD UNDER THE AGE OF 16
YEARS.
09/13/2000 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 09/13/2000

09/18/2000 MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 09/18/2000

09/18/2000 MOTION -  MOTION FOR GRAND JURY REPORTER FILED BY DEFENDANT ON 09/18/2000

MOTION FOR ORDER ALLOWING A COURT REPORTER TO BE PRESENT AT ANY FUTURE     GRAND JURY
PROCEEDINGS CONCERNING DEFENDANT.
09/27/2000 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 09/27/2000

10/04/2000 HEARING -  MOTION TO DISMISS SCHEDULED FOR 10/31/2000 @ 9:00

NOTICE TO PARTIES/COUNSEL
10/04/2000 HEARING - MOTION FOR GRAND JURY REPORTER SCHEDULED FOR 10/31/2000 @ 9:00

NOTICE TO PARTIES/COUNSEL
10/04/2000 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 10/31/2000 @ 9:00

NOTICE TO PARTIES/COUNSEL
10/11/2000 SUPPLEMENTAL FILING - SUPERSEDING INDICTMENT FILED ON 10/10/2000

10/12/2000 Charge(s): 1
HEARING - ARRAIGNMENT SCHEDULED FOR 10/20/2000 @ 8:30

10/12/2000 SUMMONS/SERVICE - SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 10/20/2000 @ 8:30

10/23/2000 Charge(s): 1
HEARING - ARRAIGNMENT HELD ON 10/20/2000
S KIRK STUDSTRUP , JUSTICE
Attorney: SUMNER LIPMAN
DA: EVERT FOWLE          Reporter: CASE ENOCH
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
                                        ALL PREVIOUS MOTIONS FILED UNDER THE OLD
INDICTMENT ARE TRANSFERRED       TO THE SUPERSEDING INDICTMENT.
10/24/2000 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 10/20/2000
S KIRK STUDSTRUP , JUSTICE
Defendant Present in Court
10/24/2000 BAIL BOND - CASH BAIL BOND SET BY COURT          ON 10/20/2000
BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT
BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT

DEFENDANT'S BAIL IS TO REMAIN AS SET AT $1,000.00 CASH WITH SAME CONDITIONSAS IN THE OLD
INDICTMENT.
11/01/2000 HEARING - MOTION FOR DISCOVERY NOT HELD ON 10/31/2000

NEW MOTION TO BE FILED FOR SUPERCEEDING INDICTMENT.
11/01/2000 HEARING - MOTION FOR GRAND JURY REPORTER NOT HELD ON 10/31/2000

AS NEW MOTION TO BE FILED FOR SUPERCEEDING INDICTMENT.
11/01/2000 HEARING - MOTION TO DISMISS NOT HELD ON 10/31/2000

AS NEW MOTION TO BE FILED WITH SUPERCEEDING INDICTMENT.
11/01/2000 MOTION - MOTION TO SUPPRESS MOOT ON 10/31/2000

AS NEW MOTION TO BE FILED WITH SUPERCEEDING INDICTMENT.
11/01/2000 MOTION - MOTION FOR GRAND JURY REPORTER MOOT ON 10/31/2000

AS NEW MOTION TO BE FILED WITH SUPERCEEDING INDICTMENT.
11/01/2000 MOTION - MOTION TO DISMISS MOOT ON 10/31/2000

          AS NEW MOTION TO BE FILED.
11/01/2000 MOTION -   MOTION FOR DISCOVERY MOOT ON 10/31/2000


          AS NEW MOTION TO BE FILED.
11/01/2000 MOTION -   MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 10/31/2000


          WITH PROPOSED ORDER.
11/01/2000 MOTION -   MOTION FOR DISCOVERY FILED BY DEFENDANT ON 10/31/2000


          WITH PROPOSED ORDER.
11/01/2000 MOTION -   MOTION TO DISMISS FILED BY DEFENDANT ON 10/31/2000


          WITH PROPOSED ORDER.
11/01/2000 MOTION -   MOTION FOR GRAND JURY REPORTER FILED BY DEFENDANT ON 10/31/2000


          MOTION FOR ORDER ALLOWING COURT REPORTER TO BE PRESENT AT ANY FUTURE GRAND JURY
          PROCEEDINGS CONCERNING DEFENDANT, WITH PROPOSED ORDER.
12/29/2000 HEARING -  MOTION FOR DISCOVERY HELD ON 12/19/2000
          NANCY  MILLS , SUPERIOR COURT CHIEF JUSTICE
          Attorney:  SUMNER LIPMAN
          DA:  ALAN KELLEY          Reporter: JANETTE COOK
          Defendant Present in Court
12/29/2000 HEARING -  MOTION TO DISMISS HELD ON 12/19/2000


12/29/2000 HEARING -  MOTION FOR GRAND JURY REPORTER HELD ON 12/19/2000


12/29/2000 MOTION -   MOTION FOR GRAND JURY REPORTER DENIED ON 12/19/2000
          NANCY  MILLS , SUPERIOR COURT CHIEF JUSTICE
          COPY TO PARTIES/COUNSEL.
12/29/2000 MOTION -   MOTION TO DISMISS DENIED ON 12/19/2000


          COPY TO PARTIES/COUNSEL
12/29/2000 MOTION -   MOTION FOR DISCOVERY GRANTED ON 12/19/2000


          WITHOUT OBJECTION.  IF STATE HIRES AN EXPERT, INFORMATION REQUESTED WILL BE PROVIDED.
          COPIES TO ATTYS.
02/13/2001 MOTION -   MOTION TO SUPPRESS STATEMENT DENIED ON 02/12/2001


          COPY TO PARTIES/COUNSEL
02/13/2001 HEARING -  MOTION TO SUPPRESS HELD ON 12/19/2000
          NANCY  MILLS , SUPERIOR COURT CHIEF JUSTICE
02/13/2001 OTHER FILING -  COURT ORDER FILED ON 02/12/2001


          COPIES TO PARTIES/COUNSEL                                    ORDER ON
          DEFENDANT'S MOTION TO SUPPRESS FILED.  MOTION DENIED.
04/12/2001 TRIAL -   JURY TRIAL SCHEDULED FOR 05/08/2001


          NOTICE TO PARTIES/COUNSEL
05/24/2001 TRIAL -   JURY TRIAL NOT HELD ON 05/09/2001


05/24/2001 HEARING -  RULE 11 HEARING SCHEDULED FOR 05/09/2001


          NOTICE TO PARTIES/COUNSEL

05/24/2001 Charge(s): 1
PLEA - GUILTY ENTERED BY DEFENDANT ON 05/09/2001

05/24/2001 Charge(s): 1
PLEA - GUILTY ACCEPTED BY COURT ON 05/09/2001

05/24/2001 Charge(s): 1
FINDING - GUILTY ENTERED BY COURT ON 05/09/2001

05/24/2001 Charge(s): 1
FINDING - GUILTY CONT FOR SENTENCING ON 05/09/2001

05/24/2001 HEARING - DISPOSITIONAL HEARING SCHEDULED FOR 05/31/2001 @ 8:00

NOTICE TO PARTIES/COUNSEL
05/24/2001 OTHER FILING - VICTIM IMPACT STATEMENT FILED ON 05/24/2001

05/31/2001 BAIL BOND - CASH BAIL BOND DISBURSEMENT ON 05/31/2001

Date Bailed: 08/29/2000
BAIL WAS REDUCED TO $1,000.00 ON 9/8/00.          NEW BOND EXECUTED BUT $1,000.00 WAS NOT
RUNG THROUGH.
BAIL DISBURSEMENT ON 09/12/2000
Check No. 5063   Check Amount:  4,000.00
Paid To: ERNEST  HASKELL
FORWARDED TO BAIL PROVIDER

BAIL DISBURSEMENT ON 05/31/2001
Check No. 5144   Check Amount:  1,000.00
Paid To: ERNEST  HASKELL
FORWARDED TO BAIL PROVIDER

06/20/2001 HEARING - DISPOSITIONAL HEARING HELD ON 05/31/2001
NANCY  MILLS , SUPERIOR COURT CHIEF JUSTICE
Attorney: WALTER MCKEE
DA: ALAN KELLEY          Reporter: PHILIP GALUCKI
Defendant Present in Court
06/20/2001 Charge(s): 1
RULING - ORIGINAL ORDERED ON 05/31/2001
NANCY  MILLS , SUPERIOR COURT CHIEF JUSTICE
It is adjudged that the defendant is guilty of 1 SEXUAL ABUSE OF MINOR 17-A 254(1)(A) Class C
as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 5 year(s).

It is ordered that all but 6 month(s) of the sentence as it relates to confinement be suspended

It is ordered that the defendant be placed on a period of probation for a term of 4 year(s) up
conditions attached hereto and incorporated by reference herein.

Said Probation to commence after completion of the unsuspended term of imprisonment.

It is ordered that the defendant forfeit and pay the sum of $5000.00 as restitution through

Probation. Payment schedule to be set by Probation Officer.

For the benefit of :
JENNA BERRY

Charge #1: It is ordered that the defendant forfeit and pay the sum of $ 25.00 as a fine to the clerk of the court, plus applicable surcharges and assessments.

1% ADMIN OFFICE OF THE COURTS FUND $ .25    SUSPENDED AMT $ .25
1% DEPARTMENT OF PUBLIC SAFETY FUND $ .25    SUSPENDED AMT $ .25
$ 25 VICTIMS COMPENSATION FUND
100% GENERAL FUND $ 25.00    SUSPENDED AMT $ 25.00
10% GOV'T OPERATION SURCHARGE FUND $ 2.50    SUSPENDED AMT $ 2.50
**TOTAL DUE:$ 25.00.**

## Special Conditions of Probation:

1. refrain from all criminal conduct and violation of federal, state and local laws.
2. report to the probation officer immediately and thereafter as directed and within 48 hours of your release from jail.
3. answer all questions by your probation officer and permit the officer to visit you at your home or elsewhere.
4. obtain permission from your probation officer before changing your address or employment.
5. not leave the State of Maine without written permission of your probation officer.
6. maintain employment and devote yourself to an approved employment or education program.
7. not possess or use any unlawful drugs and not possess or use alcohol excessively.
8. identify yourself as a probationer to any law enforcement officer if you are arrested, detained or questioned for any reason and notify your probation officer of that contact within 24 hours.
9. waive extradition back to the State of Maine from any other place.
10. not own, possess or use any firearm or dangerous weapon if you have ever been convicted of a crime in any jurisdiction with a potential penalty of one year or more or any crime involving domestic violence or the use of a firearm or dangerous weapon.

provide a DNA sample as required.
Fully comply with the Sex Offender Registration and Notification Act.

pay restitution as stated earlier.

NO CONTACT WITH CHILDREN UNDER AGE OF 16 YEARS; NO SUPERVISIONAL OR INSTRUCTIONAL RELATIONSHIP WITH CHILDREN UNDER AGE OF 18 YEARS; 3. NO EMPLOYMENT AT SCHOOLS, CAMPS, YMCA/YWCA, OR YOUTH ORGANIZATIONS; 4. LIVING ARRANGEMENTSAPPROVED BY PROBATION OFFICER; 5. PAY UP TO $5,000.00 FOR COUNSELING FOR   VICTIM AND FAMILY FOR TWO YEARS FROM DATE OF PLEA AND COST INCURRED BEFORE PLEA.

Have no contact of any kind with JENNA BERRY and the family of said person.
OR HER FAMILY
06/20/2001 Charge(s): 1
RULING - ORIGINAL ISSUED ON 05/31/2001

    Printed on: 02/13/2004

DEFENDANT ACKNOWLEDGES RECEIPT

06/20/2001 Charge(s): 1
APPEAL - APPLICATION ALLOW SENT APPEAL FILED ON 06/18/2001

WITH ATTACHED STATEMENT

06/20/2001 OTHER FILING - TRANSCRIPT ORDER FILED ON 06/18/2001

06/20/2001 Charge(s): 1
APPEAL - APPLICATION ALLOW SENT APPEAL SENT TO LAW COURT ON 06/20/2001

06/20/2001 Charge(s): 1
ABSTRACT - SBI EDI ON 06/20/2001

07/23/2001 MOTION - MOTION FOR PUBLIC SERVICE WORK FILED BY DEFENDANT ON 07/23/2001

07/24/2001 MOTION - MOTION FOR PUBLIC SERVICE WORK GRANTED ON 07/24/2001
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

11/02/2001 MOTION - MOTION AMEND COND PROBATION FILED BY DEFENDANT ON 11/02/2001

Attorney: WALTER MCKEE
DEFENDANT REQUESTS AMENDMENT BE MADE TO HIS CONDITIONS OF PROBATION TO ALLOW HIM TO TRAVEL
OUT-OF STATE FOR THE PURPOSE OF CONDUCTING BUSINESS.

11/19/2001 MOTION - MOTION AMEND COND PROBATION FILED BY DEFENDANT ON 11/19/2001

Attorney: WALTER MCKEE
PER AGREEMENT BETWEEN ADA RUCHA AND DEF ATTY - ALLOW DEFENDANT TO LEAVE THE STATE OF MAINE
FOR LESS THAN 24-HR IN THE PRESENCE OF ANOTHER EMPLOYEE OF D&H MOTORS FOR THE PURPOSE OF
ATTENDING CAR AUCTIONS.

11/21/2001 MOTION - MOTION AMEND COND PROBATION GRANTED ON 11/19/2001
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

01/15/2002 Charge(s): 1
APPEAL - APPLICATION ALLOW SENT APPEAL DENIED ON 01/04/2002
ROBERT W CLIFFORD , ASSOCIATE JUSTICE

06/04/2002 OTHER FILING - TRANSCRIPT ORDER FILED ON 06/03/2002

COPY TO COURT REPORTER    CASE ENOCH                                    BY DISTRICT
ATTORNEY REQUESTING RULE 11 TRANSCRIPT OF 5/9/01.

06/07/2002 MOTION - MOTION AMEND COND PROBATION GRANTED ON 11/19/2001
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL. THE PARTIES HAVING AGREED, THIS COURT ORDERS THAT DEFENDANT'S
CONDITIONS OF PROBATION ARE AMENDED TO ALLOW DEFENDANT TO LEAVE THE STATE OF MAINE FOR
LESS THAN 24-HOURS, IN THE PRESENCE OF ANOTHER EMPLOYEE OF D&H MOTORS FOR THE PURPOSE OF
ATTENDING CAR AUCTIONS.

06/07/2002 HEARING - RULE 11 HEARING HELD ON 05/09/2001

Attorney: SUMNER LIPMAN
DA: DAVID CROOK
Defendant Present in Court

READING WAIVED

08/06/2002 MOTION - MOTION AMEND COND PROBATION FILED BY DEFENDANT ON 08/06/2002

Attorney: WALTER MCKEE
DEF THROUGH HIS ATTY REQUEST THE CONDITIONS OF PROBATION ALLOW HIM TO HAVE LIMITED CONTACT
WITH PERSONS UNDER THE AGE OF 18. DEF PROBATION OFFICER, DAN DODGE, HAS NO OBJECTION TO
THIS CHANGE. THE OFFICE OF THE D.A. DOES OBJECT.

09/12/2002 MOTION -  MOTION AMEND COND PROBATION GRANTED ON 09/10/2002
DONALD H MARDEN , JUSTICE
CONDITIONS OF PROBATION ARE AMENDED TO ALLOW DEFENDANT TO HAVE SUPERVISED CONTACT WITH
CHILDREN UNDER THE AGE OF 16 SO LONG AS THE SUPERVISOR IS APPROVED BY DEFENDANT'S
PROBATION OFFICER.

10/30/2002 MOTION -  MOTION AMEND COND PROBATION FILED BY DEFENDANT ON 10/30/2002

DEFENDANT THROUGH HIS ATTORNEY IS SEEKING PERMISSION TO TRAVEL TO ELLENVILLE, NEW YORK THE
WEEKEND BEFORE CHRISTMAS SO THAT HIS WIFE COULD SPEND TIME WITH HER PARENTS AT THEIR HOME
IN ELLENVILLE, NEW YORK.

11/13/2002 HEARING -  MOTION AMEND COND PROBATION SCHEDULED FOR 12/03/2002
S KIRK STUDSTRUP , JUSTICE

12/05/2002 MOTION -  MOTION AMEND COND PROBATION DENIED ON 12/05/2002

COPIES TO PARTIES/COUNSEL

09/23/2003 HEARING -  MOTION AMEND COND PROBATION HELD ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Defendant Present in Court

09/23/2003 MOTION -  MOTION AMEND COND PROBATION FILED BY DEFENDANT ON 09/22/2003

09/26/2003 Charge(s):  1
HEARING -  MOTION AMEND COND PROBATION SCHEDULED FOR 12/02/2003 @ 9:00
S KIRK STUDSTRUP , JUSTICE
NOTICE  TO PARTIES/COUNSEL

12/05/2003 Charge(s):  1
HEARING -  MOTION AMEND COND PROBATION NOT HELD ON 12/02/2003

WILL BE SCHEDULED FOR ANOTHER DAY

12/10/2003 HEARING -  MOTION AMEND COND PROBATION SCHEDULED FOR 12/22/2003 @ 8:30
S KIRK STUDSTRUP , JUSTICE
NOTICE  TO PARTIES/COUNSEL

12/22/2003 HEARING -  MOTION AMEND COND PROBATION HELD ON 12/22/2003
S KIRK STUDSTRUP , JUSTICE
Attorney: WALTER MCKEE
DA: PAUL RUCHA          Reporter: CASE ENOCH
Defendant Present in Court

12/22/2003 MOTION -  MOTION AMEND COND PROBATION UNDER ADVISEMENT ON 12/22/2003
S KIRK STUDSTRUP , JUSTICE

02/13/2004 MOTION -  MOTION AMEND COND PROBATION DENIED ON 02/12/2004
S KIRK STUDSTRUP , JUSTICE


## Receipts

| 06/07/2002 | Case Payment | $25.00 | paid. |

A TRUE COPY
ATTEST: _____
                Clerk